## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        *Plaintiff*,

vs.

        Case No. 21-CR-10018-EFM

NANCY MARTIN,

        *Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Nancy Martin's Unopposed Motion for Release Pending Appeal (Doc. 62). She seeks to continue her release pending the resolution of her appeal because she is neither a danger to the community nor a flight risk, and her appeal involves substantial questions that—if resolved favorably to her on appeal—would result in her convictions being reversed. The United States does not oppose Ms. Martin's release pending appeal. For the reasons stated in more detail below, the Court grants Defendant's motion.

### I.      Factual and Procedural Background

On May 24, 2022, Ms. Martin pleaded guilty to one count of Bank Fraud, a violation of 18 U.S.C. § 1344(2), and Aiding in the Filing of False Tax Information, a violation of 26 U.S.C. § 7206(2). On March 2, 2023, the Court sentenced Ms. Martin to a 48-month term of imprisonment, followed by a two-year term of supervised release. As part of the sentence, the Court ordered Ms. Martin to pay restitution to the victims of the offense, as well as a $100 special assessment for each count of conviction. On March 15, 2023, Ms. Martin filed a timely notice of appeal. On

March 31, 2023, Ms. Martin filed her Motion for Release Pending Appeal.  The United States does not oppose the request.  On April 4, 2023, the Court held a hearing on Ms. Martin's Motion for Release, and heard arguments from both parties.

## II.    Legal Standard

A district court has authority to release a defendant pending appeal, provided certain conditions are met.[1]  First, a defendant must demonstrate by clear and convincing evidence that she is neither a flight risk nor a danger to the community.[2]  The United States agrees that Ms. Martin has made this showing.  Second, a defendant must show, by a preponderance of the evidence, that the appeal raises a substantial question of law that, if resolved in the defendant's favor, would result in a reversal of the defendant's convictions.[3] A district court retains the authority to grant a motion for release pending appeal even after a defendant has filed a notice of appeal.[4]

## III.    Analysis

The United States agrees that Ms. Martin has shown by clear and convincing evidence that she is neither a danger to the community nor a flight risk.[5]  The Court agrees and so finds.

## A.    The Bank Fraud Conviction

As to the statute's second requirement, Ms. Martin argues that her appeal raises substantial questions about whether there are sufficient factual bases for her convictions. A conviction under 18 U.S.C. § 1344(2), she contends, requires evidence that a defendant used a false statement as the

---

[1] *See* 18 U.S.C. § 3143(b)(1).

[2] 18 U.S.C. § 3143(b)(1)(A).

[3] 18 U.S.C. § 3143(b)(1)(B)(i); *see also United States v. Meyers*, 95 F.3d 1475, 1489 (10th Cir. 1996).

[4] *Meyers*, 95 F.3d at 1489 n.6.

[5] *See* 18 U.S.C. § 3143(b)(1).

mechanism to obtain bank property.[6]  But according to Ms. Martin, that evidence does not exist in the record here.  Rather, the evidence in the record shows that Ms. Martin used false statements to disguise thefts from her employers—not as the means by which she obtained the bank's property.

The United States does not concede that Ms. Martin's argument is correct on the merits— that is, it does not agree that Ms. Martin's bank-fraud conviction is legally infirm.  Yet it does agree that the issue raises a substantial question that satisfies the requirement of 18 U.S.C. § 3143(b)(1)(B)(i).  In other words, the United States concurs with Ms. Martin that the question of whether there's a sufficient factual basis for her bank-fraud conviction is substantial.  And that if the appellate court were to decide the question in Ms. Martin's favor, the result would be a reversal of her conviction on those counts.

The Court agrees.  As the Court noted during the hearing, the standard is whether Ms. Martin's appeal raises a substantial question.[7]  The standard does not require this Court to evaluate the odds of the argument's eventual success or failure. Rather, the Court must only determine whether there is "a close question or one that very well could be decided the other way."[8]  Whether there is sufficient evidence in the record to show Ms. Martin's admitted conduct rose to a violation of Section 1344(2) could go either way.  That equilibrium makes the question substantial.  And if Ms. Martin were to prevail, then the appellate court would likely reverse her conviction for lack of a sufficient factual basis.[9]  Thus, the Court holds that Ms. Martin has satisfied the requirements for release pending appeal as to her bank-fraud conviction.

---

[6] *See Loughrin v. United States*, 573 U.S. 351, 363 (2014)("[T]he defendant's false statement" must be "the mechanism naturally inducing the bank…to part with money in its control.").

[7] *Meyers*, 95 F.3d at 1489.

[8] *United States v. Affleck*, 765 F.2d 944, 952 (10th Cir. 1985)(quotations and citations omitted).

[9] *See* Fed. R. Crim. P. 11(b)(3).

**B.**     **The Tax Fraud Conviction**

Ms. Martin claims a similar question affects her conviction on the tax count.  To convict a defendant under 26 U.S.C. § 7206(2), there must be evidence that the defendant acted willfully.  A person acts willfully by "voluntarily and intentionally" violating "a known duty."[10] Ms. Martin argues this standard requires evidence that she knew that the law required her to report the sums she took from her employers as income on her taxes,[11] but there is no evidence of that in the record.  Thus, like her challenge to the bank-fraud conviction, Ms. Martin contends that her conviction lacks a sufficient factual basis.  The United States views this as a weaker argument than the one concerning the bank-fraud conviction, but ultimately agrees that it raises a substantial question under Section 3142.

The Court agrees with the United States. Though not as clear-cut as the substantial question raised as to the bank-fraud conviction, it is "a close question" whether there is sufficient evidence in the record to show Ms. Martin acted willfully.[12]  And if the court of appeals were to agree with Ms. Martin that the record lacks that evidence, it would reverse her conviction.[13] Thus, the Court holds that Ms. Martin has satisfied the requirements for release pending appeal as to her tax-fraud conviction.

**IT IS THEREFORE ORDERED** that Defendant's Unopposed Motion for Release Pending Appeal (Doc. 62) is **GRANTED.**

---

[10] *United States v. Guidry*, 199 F.3d 1150, 1156 (10th Cir. 1999); *see also Cheek v. United States*, 498 U.S. 192, 201 (1991)(defining "willfully," in the context of the Revenue Code, as the "voluntary, intentional violation of a known duty.").

[11] *See Cheek v. United States*, 498 U.S. 192, 200 (1991) (affirming the interpretation of "willfully" as used in statutes governing federal criminal tax offenses as "carving out an exception to the traditional rule" that ignorance of the law is not a defense).

[12] *See Affleck*, 765 F.2d at 952.

[13] *See* Fed. R. Crim. P. 11(b)(3).

**IT IS SO ORDERED.**

Dated this __12th__ day of April, 2023.


ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE