# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

     *Plaintiff,*

v.

NANCY MARTIN,

     *Defendant.*

Case No. 21-10018-EFM

Case No.23-1108-EFM

## MEMORANDUM AND ORDER

Defendant Nancy Martin pled guilty to one count of bank fraud and one count of filing a false tax return.[1]  She was sentenced to 48 months imprisonment on the first count, and 36 months on the second (to be served concurrently).  She was also ordered to pay restitution to her former employer in the amount of $3,898,088.61, and to the IRS in the amount of $670,167.  Defendant has moved to vacate her sentence pursuant to 28 U.S.C. § 2255.  (Doc. 188).  The Motion to Vacate alleges that Defendant's plea was not voluntary, because her trial counsel failed to adequately advise her as to the necessary elements of the offenses and the length of her likely sentence and required restitution.

The Government has yet to respond to the substance of Defendant's motion, but has filed a Motion to Compel which seeks to require Defendant's trial counsel to state by affidavit various

---

[1] In violation, respectively, of 18 U.S.C. § 1344(2) and 26 U.S.C. § 7206(2)..

facts surrounding the representation.  (Doc. 198).  The Government asserts in this motion that the Court cannot evaluate Defendant's claims for ineffective assistance, and the Government cannot defend against those claims, unless former counsel discloses the reasons underlying her strategic choices regarding these matters.  In particular, the Government asks that former counsel address:

> (1) counsel's reasons underlying counsel's strategic choices advising Defendant to plead guilty to Counts One and Four; (2) counsel's advice to Defendant regarding the elements of those offenses; (3) the information counsel relied upon in advising Defendant to plead guilty to those counts; (4) counsel's reasons for not challenging the restitution calculation based on the alleged deficiencies identified by Defendant; and (5) the content of any conversations or communications counsel had with Defendant regarding the claims and allegations presented by Defendant, to the extent those conversations bore on counsel's strategic choices.

The Government acknowledges Defendant's trial counsel has stated she will not provide such an affidavit without an order from the Court.

In a §2255 action, the Defendant rather than the Government has the burden of proof regarding the claims.[2]  Such "allegations must be specific and particularized," not general or conclusory allegations.[3]  Further, with respect to claims of ineffective assistance of counsel, "[t]here is a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[4]  Thus, if the party bearing the burden of proof fails to carry that burden—in this matter, fails to provide adequate and admissible evidence regarding the claims—then the motion fails.

---

[2] *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir.1995), *overruled on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n. 1 (10th Cir.2001).

[3] *Id.* (citing *Andrews v. Shulsen*, 802 F.2d 1256, 1266 (10h Cir.1986), *cert. denied*, 485 U.S. 919 (1988); *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990).

[4] *United States v. Hill*, 635 F. App'x 536, 546 (10th Cir. 2015) (citations and internal quotation omitted). *See also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims which are "merely conclusory in nature and without supporting factual averments").

Standing alone, therefore, the Government's motion would not justify the relief sought. However, Defendant has subsequently responded by acknowledging that her § 2255 Motion does impliedly waive the attorney-client privilege as to the issues she has raised, and that she does not object to her former counsel supplying an affidavit.  So essentially, Defendant joins in requesting that her former counsel be directed to supply an affidavit addressing the issues raised in Defendant's § 2255 Motion.

**IT IS THEREFORE ORDERED** that the United States' Motion to Compel (Doc. 198) is hereby **GRANTED.**  Defendant's former counsel shall supply an affidavit addressing the matters set forth above to the parties in the present action no later than September 4, 2023.

**IT IS SO ORDERED**.

Dated this 4th day of August, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE