IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 21-10018-EFM

NANCY MARTIN,

    *Defendant.*

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Nancy Martin's Motion for Release Pending Resolution of Motion under 28 U.S.C. § 2255 (Doc. 269). She contends that her continued release from prison is warranted due to exceptional circumstances and because her habeas petition sets out a clear case for vacating her conviction. For the reasons stated below, the Court denies Defendant's Motion.

**I.    Factual and Procedural Background**

On May 24, 2022, Defendant pleaded guilty to one count of bank fraud, in violation of 18 U.S.C. § 1344(2), and one count of aiding in the filing of false tax information, in violation of 26 U.S.C. § 7206(2). Defendant sought or obtained several continuances of her sentencing date (on July 22, 2022, September 22, 2022, November 14, 2022, and February 24, 2023). On March 2, 2023, the Court sentenced Defendant to 48 months' imprisonment and 36 months imprisonment

on the two counts, respectively, and ordered that the sentences run concurrently.  This sentence was well below the low end of the recommended United States Sentencing Guideline range[1], and was to be followed by a two-year term of supervised release.  The Court also ordered Defendant to pay almost $4 million dollars in restitution.

On March 15, 2023, Defendant appealed her conviction to the Tenth Circuit.  On March 31, 2023, Defendant also filed an unopposed motion for release pending appeal.  This Court granted Defendant's request for release pending appeal.  The Tenth Circuit filed an Order on July 31, 2023, enforcing her appeal waiver in her plea agreement and dismissing her appeal.  On September 13, 2023, Defendant filed a motion before the Tenth Circuit for rehearing en banc.  On November 15, 2023, the Tenth Circuit withdrew its previous Order and Judgment and filed a substituted new Order and Judgment, granting the government's motion to enforce the appeal waiver and dismissing the appeal. It also denied her request to stay the appeal pending the district court's ruling on her 28 U.S.C. § 2255 motion (discussed below).  Defendant filed a petition for a writ of certiorari on March 14, 2024, and requested that her release continue during the pendency of the writ.  The Supreme Court denied the writ on June 24, 2024.  Defendant currently remains on release.

While Defendant's appeal was pending, many garnishment disputes were presented to the Court, and mostly resolved.  Defendant also filed a motion to vacate under 28 U.S.C. § 2255 on May 30, 2023, asserting an ineffective assistance of counsel claim.  This motion is fully briefed, but it is yet to be decided by this Court.

---

[1] The Sentencing Guidelines recommended range was 63 to 78 months.

Defendant has now filed a Motion to Continue on Release Pending Resolution of the 28 U.S.C. § 2255 Motion. The government notified the Court that it would not respond to Defendant's motion.

## II.     Analysis

Defendant requests continued release from prison while the Court decides her § 2255 motion. To obtain release pending the determination of a federal habeas petition, an individual must "make a showing of exceptional circumstances or demonstrate a clear case on the merits of [her] habeas petition."[2] Defendant contends that she demonstrates both.

Defendant first argues that her poor health and fully paid restitution are exceptional circumstances warranting continued release. Although the Court sympathizes with Defendant's health conditions, this factor does not weigh in Defendant's favor.[3] In addition, although Defendant paid restitution during the appeal period, Defendant simply complied with the Court's order and judgment requiring her to pay this restitution.

Defendant next asserts that her habeas petition sets out a clear case for vacating her conviction because she received ineffective assistance of counsel that affected the voluntariness of her plea. Ineffective assistance claims are subject to a highly demanding two-part test.[4] While the Court is not making a ruling on Defendant's § 2255 motion in this Order, it simply notes that Defendant's motion does not set forth a *clear* case for vacating her conviction.

---

[2] *United States v. Palermo*, 191 F. App'x 812, 813 (10th Cir. Aug. 17, 2006) (citing *Pfaff v. Wells*, 648 F.2d 689, 693 (10th Cir. 1981)).

[3] *Id.* (stating that various health problems do not constitute exceptional circumstances for release).

[4] *Strickland v. Washington*, 466 U.S. 668, 687-89 (1984).

Accordingly, the Court finds that Defendant does not demonstrate exceptional circumstances nor a clear case on the merits of her habeas motion justifying her continued release from prison.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Release Pending Resolution of Motion under 28 U.S.C. § 2255 (Doc. 269) is hereby **DENIED**. Pursuant to the Judgment filed in this case on March 6, 2023, Defendant is now ordered to surrender for service of her custodial sentence at the institution and time designated by the United States Bureau of Prisons, of which she shall be notified by the United States Marshal. As also noted in that Judgment, the Court recommends the Bureau of Prisons consider designation to a medical facility, as close to Atlanta, Georgia as possible.

**IT IS SO ORDERED**.

Dated this 11th day of July, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE